| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ELKHART COUNTY |
| | ) SS: | SUPERIOR COURT NO. 1 |
| COUNTY OF ELKHART | ) | |

CAUSE NO. 20D01-0708-PL- 33

DAMIEN LEE                         )
       Plaintiff,              )
                                          )
vs.                                     )
                                          )
AARON'S SALES AND LEASING, and )
CIRCLE CITY RENTALS, LLC      )
       Defendants.           )

## CIVIL COMPLAINT FOR DAMAGES

Comes now Plaintiff, Damien Lee, by counsel and for his Civil Complaint for Damages states:

1. At all relevant times, Plaintiff was a resident of 54153 Stonebridge Drive, Elkhart, Indiana 46514 and has been a resident of Elkhart County for more than three (3) months and has been a resident of the State of Indiana for more than six (6) months.

2. Defendant Aaron's Sales and Leasing, is a rental retail business located at 239 E. Jackson Street, Elkhart, Indiana 46514. Defendant Circle City Rentals, LLC owns Defendant Aaron's Sales and Leasing and has its principal administrative office located at 8900 Keystone Crossing, Suite 670, Indianapolis, Indiana 46240.

3. Defendants are "employers" within the definition of Section 701 of the Civil Rights Act of 1964.

4. Plaintiff is an African American male.

5. Plaintiff was an "employee" of Defendants, within the definition provided in Section 701 of the Civil Rights Act of 1964, who worked at Aaron's Sales and Leasing from October of 2000 through October 20, 2006.

6. Plaintiff was a diligent and effective employee for Defendants who performed his duties well and aided in Defendants' growth and prosperity.

7. During Plaintiff's period of employment with Defendants, Plaintiff was repeatedly verbally harassed by his managers and supervisors. This verbal harassment included derogatory comments both directly and indirectly related to Plaintiff's racial identity.

8. Plaintiff's reports of harassment to upper management were met largely with indifference and were attributed to Plaintiff's superiors "just joking around."

9. Caucasian employees of Defendants were not subjected to the harassment imposed upon Plaintiff.

10. The harassment of Plaintiff by Defendant's agents and representatives denied Plaintiff the privilege of peaceful and pleasant employment extended to other employees.

11. Defendants' harassment of Plaintiff because of his race segregated Plaintiff from other employees adversely affecting his status as an employee.

12. Defendants' harassment of Plaintiff was motivated by and directed at Plaintiff's race.

13. Defendants' harassment of Plaintiff was motivated by and directed at Plaintiff's opposition to Defendants' unlawful employment practices.

14. Defendant's harassment of Plaintiff constituted an unlawful employment practice under Sections 703 and 704 of the Civil Rights Act of 1964.

15. Defendant Aaron's Sales and Leasing only subjected African American employees, including Plaintiff, to drug testing.

16. Defendant Aaron's Sales and Leasing's racially motivated drug testing segregated and classified Plaintiff in such a way that it deprived Plaintiff of employment opportunities and adversely affected his status as an employee.

17. Defendant Aaron's Sales and Leasing's racially motivated drug testing is an unlawful employment practice under Section 703 of the Civil Rights Act of 1964.

18. Defendant Aaron's Sales and Leasing's racially motivated drug testing is specifically directed at creating a disparate impact on racial minority groups, making the tests an unlawful employment practice under Section 703 of the Civil Rights Act of 1964.

19. Defendants accused Plaintiff, both to him privately and publicly to other employees, of "being a bad influence" to other minority employees when he opposed the unlawful employment practices of Defendants.

20. Defendants public accusations segregated and classified Plaintiff in such a way that it deprived Plaintiff of employment opportunities and adversely affected his status as an employee, depriving him of privileges open to other employees.

21. Defendants' public accusations were an unlawful employment action on the part of Defendants under Sections 703 and 704 of the Civil Rights Act of 1964.

22. Plaintiff's compensation from Defendants was kept at a level below his Caucasian subordinates and well below Caucasian employees who occupied positions in Defendants' employment structure parallel to Plaintiff's.

23. On one occasion, Plaintiff was specifically denied an annual raise because a Caucasian supervisor discovered that a house Plaintiff was building would be larger than the supervisor's.

24. Defendants discriminated in setting and altering Plaintiff's compensation because of Plaintiff's race, an unlawful employment practice under Section 703 of the Civil Rights Act of 1964.

25. Defendants discriminated in setting and altering Plaintiff's compensation because of Plaintiff's opposition to Defendants' unlawful employment practices, an unlawful employment practice under Section 704 of the Civil Rights Act of 1964.

26. Plaintiff's annual review scores were generated on a different scale than the scale for scores of Caucasian employees.

27. Defendants use annual review scores in the selection of candidates for promotion.

28. Defendants altering of Plaintiff's annual review scores because of Plaintiff's race is an unlawful employment practice under Section 703 of the Civil Rights Act of 1964.

29. Plaintiff's scores were altered because he opposed the unlawful employment practices of Defendants, an unlawful employment action under Section 704 of the Civil Rights Act of 1964.

30. On October 20, 2006, Defendants discharged Plaintiff.

31. Plaintiff was discharged by Defendants because of his race, an unlawful employment practice under Section 703 of the Civil Rights Act of 1964.

32. Plaintiff was discharged because he opposed the unlawful employment practices of Defendants, an unlawful employment action on the part of Defendants in itself under Section 704 of the Civil Rights Act of 1964.

33. Other justifications for Plaintiff's discharge are merely pre-textual.

34. Where any of the above paragraphs allege Plaintiff's race as a cause for Defendants' decisions, actions or inactions, Plaintiff's race was, at a minimum, a motivating factor in those decisions, actions or inactions.

35. Defendants were aware of both Plaintiff's racial identity and of his opposition to Defendants' unlawful employment actions.

36. Defendants were aware Plaintiff had contacted the Equal Employment Opportunity Commission regarding the unlawful employment actions of Defendants.

37. A charge asserting Defendants' unlawful employment actions was filed with the Equal Employment Opportunity Commission no more than 180 days after said actions.

38. Defendant has received his right to sue notice in this Court from the Equal Employment Opportunity Commission.

WHEREFORE, Plaintiff, by counsel, requests judgment against the Defendants, jointly and severally, for his compensatory damages and all other just and proper relief including but not limited to punitive damages, back pay, past due just compensation, costs and attorney's fees. Plaintiff further asks that Defendants be immediately enjoined from engaging in further unlawful employment actions. Lastly, Plaintiff requests a jury trial.

Dated this 9th day of August, 2007.

Ronald L. Sowers (#425-02)
Sowers, Newcomb & Associates, LLC
123 North Center Street
Bremen, Indiana 46506
Telephone: (574) 546-4585
Facsimile: (574) 546-5200
Lawyer for the Plaintiff